IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| ASPHALT TRADER LTD.,<br><br>      Petitioner,<br>  v.<br><br>TARYN CAPITAL ENERGY, L.L.C.,<br><br>      Respondent. | **MEMORANDUM DECISION AND ORDER CONFIRMING FOREIGN ARBITRATION AWARD**<br><br>Case No. 1:16-cv-00054-JNP<br><br>District Court Judge Jill N. Parrish |

Before the court is Petitioner Asphalt Trader Limited's Petition to Confirm a Foreign Arbitration Award and Enter Judgment, filed against Respondent Taryn Capital Energy, L.L.C. under the Convention on the Recognition and Enforcement of Foreign Arbitral Awards (the "Convention"). *See* 9 U.S.C. §§ 203, 207.

## BACKGROUND

Petitioner commenced this action to confirm an international arbitration award of $1,669,221.64, as well as substantial legal fees and interest. The award was rendered for Petitioner and against Respondent in London, England, United Kingdom, on February 12, 2016. The dispute under arbitration arose from a so-called charter-party, or shipping contract, between Petitioner, a company incorporated in Liberia, and Respondent, a Utah-based limited liability company. Under the agreement, Respondent chartered Petitioner's tanker vessel to carry a cargo of approximately 69,000 barrels of oil from port in Venezuela to two separate ports in Panama. Respondent failed to load the cargo at the load port and the boat remained empty for more than two months after docking. The delay was attributed to a tangle of permitting issues and disputes over the nature of the intended cargo. The ship eventually sailed empty to Panama, as no closer

substitute port was available. Petitioner invoiced Respondent, demanding the agreed upon payment for the freight from Venezuela to Panama. Respondent failed or refused to pay the amount owed under the contract. Under the charter-party's arbitration clause, any and all disputes were to be resolved by a three-member arbitration panel in New York or London. Petitioner commenced arbitration in accordance with the clause in London, seeking payment for the charter, as well as damages from the delay and other costs. The arbitrators found that Respondent failed to timely load a lawful cargo and owed significant demurrage to Petitioner as a result of the delay. Concluding that Respondent had repudiated and renounced the charter-party, the arbitrators awarded Petitioner the charter price and damages, together totaling $1,669,221.64 plus interest. The arbitrators also awarded attorney's fees and other costs totaling £246,400 plus interest.

Petitioner commenced this lawsuit on May 20, 2016 with a motion to confirm the arbitration award and to enter judgment enforcing the award against Respondent in the United States. (Docket No. 2). Petitioner served Respondent with a copy of the motion on June 3, 2016. (Docket No. 4). After the time for response to the motion had passed, Petitioner filed a request to submit for decision with the court, arguing that Respondent's failure to timely respond made the motion ripe for decision. (Docket No. 7). Respondent filed a response the same day, objecting to Petitioner's request and requesting instead three additional weeks to review the arbitration award and respond to the motion because Taryn Capital had retained new counsel only the day before. (Docket No. 8). The court granted the request for additional time and ordered that Respondent file a proper response to the original motion by July 29, 2016. (Docket No. 9). That date passed without any filing from Respondents, and Petitioner again filed a request to submit the motion for decision. (Docket No. 10). The court has received no further communication from

Respondent and therefore proceeds to consider the motion without any opposition from Respondent. *See* DUCivR 7-1(d) ("Failure to respond timely to a motion may result in the court's granting the motion without further notice."). The court has original jurisdiction over this matter under 9 U.S.C. §§ 203 and 207.

## ANALYSIS

The Convention on the Recognition and Enforcement of Foreign Arbitral Awards (the "Convention") "is a multilateral treaty that governs foreign arbitral awards." *CEEG (Shanghai) Solar Sci. & Tech. Co. v. LUMOS LLC*, No. 14-cv-03118-WYD-MEH, 2015 WL 3457853 at *4 (D. Colo. 2016) (unpublished) (quotation omitted). Enforcement of the Convention's terms in the United States was codified as part of the Federal Arbitration Act. *See* 9 U.S.C. § 201, *et seq*. Under the Convention, parties may seek recognition and enforcement of foreign arbitral awards in the United States. *See* Convention, Art. I, cl. 1. A "party applying for recognition and enforcement shall, at the time of application, supply: (a) The duly authenticated original award or a duly certified copy thereof; (b) The original agreement [containing the arbitration clause giving rise to the arbitral award] or a duly certified copy thereof." *Id.* Art. IV, cl. 1.

Here, Petitioner has submitted to the court a signed copy of the arbitration award, rendered February 12, 2016, in London, England, as well as a signed copy of the original charter-party between Petitioner and Respondent, which contains an appropriate arbitration clause. (Docket No. 2). Petitioner has also submitted a declaration by a director for Petitioner's business, Mr. Elias Gotsis, in support of the authenticity of the copies of the documents. *Id.* Without any challenge from Respondent, the court is satisfied that Petitioner has met its initial burden of production under the Convention.

Once the party applying for recognition and enforcement under the Convention has produced the necessary documents, a federal district court *must* confirm an arbitral award falling under the Convention "unless it finds one of the grounds for refusal or deferral of recognition or enforcement of the award specified in the said Convention." *See* 9 U.S.C. § 207. Thus, § 207 "prescribe[s] a summary procedure in the nature of federal motion practice to expedite petitions for confirmations of foreign arbitral awards." *See Imperial Ethiopian Gov't v. Baruch-Foster Corp.*, 535 F.2d 334, 335 (5th Cir. 1976). The judicial role in reviewing such awards is limited and "[t]he party opposing enforcement of the arbitral award . . . bears the burden of proving that one of the defenses [outlined in the Convention] applies." *See CEEG (Shanghai) Solar Sci. & Tech. Co. v. LUMOS LLC*, —F.3d—, 2016 WL 3909579 at *4 (citing *Karaha Bodas Co. v. Perusahaan*, 364 F.3d 274, 288 (5th Cir. 2004)). The Convention provides the following defenses to enforcement of a foreign arbitral award:

> (1) the parties to the agreement were under some incapacity or the agreement is not valid under the laws the parties have subjected it to; (2) the party against whom the award was invoked did not receive proper notice; (3) the award contains decisions on matters outside the scope of the arbitration agreement; (4) the composition of the arbitral authority was not in line with the agreement of the parties or was not in line with the law under which the award was made; and (5) the award is not binding on the parties, or it has been set aside by a competent authority in the country where the award was made.

*Guan Dong Light Headgear Factory Co. v. ACI Int'l, Inc.*, No. 09-4165-JAR, 2005 WL 1118130 at *5 (D. Kan. 2005) (unpublished).

The award in this case was rendered in the United Kingdom, a foreign nation that is a party to the Convention. *See Riley v. Kingsley Underwriting Agencies, Ltd.*, 969 F.2d 953, 958 (10th Cir. 1992). Moreover, the award arose out of a commercial agreement as required for enforcement under the Convention. *See* 9 U.S.C. § 202 ("An arbitration agreement or arbitral award arising out of a legal relationship, whether contractual or not, which is considered as

commercial . . . falls under the Convention."). Thus, this court is satisfied that the award here falls under the Convention and our original jurisdiction. *See* 9 U.S.C. § 203. Because Respondent has failed to timely respond to Petitioner's motion, no argument has been made as to possible defenses. The burden to prove defenses to recognition and enforcement is Respondent's alone. *See CEEG*, 2016 WL 3909579 at *4. Respondent has failed to carry its burden and the court has no choice except to confirm the award as requested by Petitioners. *See Dingo, Inc. v. Who Ya Gonna Call Bark Busters Pty., Ltd.*, 2013 WL 3357662 at *2 (unpublished) (confirming foreign arbitration award where nonmoving party failed to respond to petition to confirm).

Accordingly, **IT IS HEREBY ORDERED** that the Petition to Confirm Foreign Arbitration Award and Enter Judgment (Docket No. 2) be **GRANTED**.

It is further **ORDERED** that Final Award of Arbitrators Bruce Harris, Mark Hamsher, and Clive Aston, submitted by the Petitioner as Exhibit 1 (Docket No. 2, Ex. 1), is **CONFIRMED**.

It is further **ORDERED** that Respondent Taryn Capital Energy, L.L.C., is to pay Petitioner Asphalt Trader Ltd. the amounts awarded by the Final Award as explained therein.

**IT IS SO ORDERED**.

DATED this 27th day of September, 2016.

BY THE COURT:

_____
JILL N. PARRISH

United States District Court Judge