# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| ASPHALT TRADER LIMITED,<br><br>    Petitioner,<br><br>vs.<br><br>TARYN CAPITAL ENERGY, L.L.C.,<br><br>    Respondent. | **MEMORANDUM DECISION AND ORDER ON PETITIONER'S MOTION FOR ENTRY OF JUDGMENT**<br><br>Case No.  1:16-cv-00054-JNP<br><br>District Court Judge Jill N. Parrish |

The above matter came before the court on Petitioner Asphalt Trader Limited's Petition to Confirm Foreign Arbitration Award and Enter Judgment, filed on May 20, 2016, (Docket No. 2), and subsequent Motion for Entry of Judgment, filed October 5, 2016, (Docket No. 13). Respondent Taryn Capital Energy, L.L.C., has again failed to respond to Asphalt Trader's motions, and therefore this court enters judgment without the benefit of adversarial briefing. *See* DuCivR 7-1(f) ("Failure to respond timely to a motion may result in the court's granting the motion without further notice.").

## DISCUSSION

After considering Asphalt Trader's original Petition, including the supporting Declaration of Elias Gotsis, attached exhibits, the relevant legal authorities, and for good cause appearing, the Court issued a Memorandum Decision and Order Confirming Foreign Arbitration Award on September 27, 2016. (Docket No. 12).  In the Order, the Court (1) granted Asphalt Trader's Petition, (2) ordered that the Final Award of Arbitrators Bruce Harris, Mark Hamsher, and Clive Aston submitted by Asphalt Trader as Exhibit 1 (Docket No. 2, Ex. 1) be confirmed, and (3)

ordered Respondent Taryn Capital to pay to Asphalt the amounts awarded by the Final Award as explained therein. Asphalt Trader now requests that the court enter judgment against Taryn Capital.

In its proposed order, Asphalt Trader requested that the arbitrators' award of costs and attorney's fees provided in British pounds be converted to U.S. dollars. Thus, before entering judgment the court must consider two issues relating to the amounts to be awarded to Asphalt Trader. First, the court must determine whether the conversion of portions of the award originally rendered in British pounds into U.S. dollars is proper under the circumstances. The court believes conversion would be appropriate here because "[c]onversion of such foreign currency amounts into dollars at judgment is the norm, rather than the exception." *Cont'l Transfert Technique Ltd. v. Fed. Gov't of Nigeria*, 932 F. Supp. 2d 153, 158 (D.D.C. 2013), *ruling aff'd, appeal dismissed in part on other grounds*, 603 F. App'x 1 (D.C. Cir. 2015) (unpublished) (explaining that the conversion of foreign currency to U.S. dollars for entry of judgment is "consistent with settled law"); *see also* Restatement (Third) of the Foreign Relations Law of the United States § 823(1) (1987) ("Courts in the United States ordinarily give judgment on causes of action arising in another state, or denominated in a foreign currency, in United States dollars, but they are not precluded from giving judgment in the currency in which the obligation is denominated or the loss was incurred."). Without any opposition from Taryn Capital, the court sees no reason not to convert the award into U.S. dollars.

Second, because exchange rates have fluctuated over the life of this dispute, the court must determine the date at which to fix the exchange rate that will be used to convert the award from British pounds to U.S. dollars. There are essentially two rules for fixing the date of the

exchange rate for such conversions. The first, "breach day" rule, derives from the Supreme Court's opinion in *Hicks v. Guinness*, 269 U.S. 71, 46 S.Ct. 46 (1925), and the second, "judgment day" rule, derives from the Court's opinion in *Die Deutsche Bank Filiale Nurnberg v. Humphrey*, 272 U.S. 517, 47 S.Ct. 166 (1926). "Under the 'breach day' rule, the applicable exchange rate is the one that was in effect on the date that the defendant breached its obligations to the plaintiff" or, where there is no true "breach," the date that the plaintiff's entitlement to judgment against the defendant arose. *Cont'l Transfert*, 932 F. Supp. 2d at 159 (citing *ReliaStar Life Ins. Co. v. IOA Re, Inc.*, 303 F.3d 874, 883 (8th Cir. 2002) and *G.E. Transport S.P.A. v. Republic of Alb.*, 693 F. Supp. 2d 132, 140 (D.D.C. 2010)). By contrast, "[u]nder the 'judgment day' rule, . . . the exchange rate to be applied is the one prevailing on the date that the [U.S.] court enters judgment for the plaintiff." *Id.* (citing *ReliaStar*, 303 F.3d at 883). Courts must "look[] to the jurisdiction in which the plaintiff's cause of action arose to determine which rule is applicable." *In re Good Hope Chem. Corp.*, 747 F.2d 806, 811 (1st Cir. 1984). The "breach day" rule applies where the plaintiff's cause of action arises "in this country under American law." *Id.* By contrast, the "judgment day" rule applies if the cause of action "arises entirely under foreign law." *Id.*

In essence, Asphalt Trader requests that the court employ the "breach day" rule and use the exchange rate present on the date the amounts were awarded, i.e., February 12, 2016. The court agrees that this application of the "breach day" rule yields the best point at which to fix the exchange rate. Because Asphalt Trader's claim for confirmation and enforcement of a foreign award arises under the Foreign Arbitration Act and its codification of the New York Convention, it is "deemed to arise under the laws and treaties of the United States[,]" *see* 9 U.S.C. § 203,

regardless of the nature of the underlying adjudication. *See Cont'l Transfert*, 932 F. Supp. 2d at 161. Taryn Capital's obligation to pay the fees and costs awarded in British pounds arose on the very day the award was issued and Asphalt Trader was entitled by statute to confirm and enforce the award in U.S. courts the same day. *See* 9 U.S.C. § 207; *Cont'l Transfert*, 932 F. Supp. 2d at 161. Accordingly, the "breach day" rule applies, and the court will calculate the conversion using the exchange rate as it stood on the day Taryn Capital's obligation to pay costs and fees to Asphalt Trader arose—February 12, 2016.

The U.S. Federal Reserve reports that on February 12, 2016, the exchange rate was 1.4460 U.S. dollars to each British pound. *Country Data: Historical Rates for the U.K. Pound*, https://www.federalreserve.gov/releases/h10/hist/dat00_uk.htm. Applying that rate to the amounts awarded here, the court finds that Asphalt Trader is entitled to $299,213.55 for the award of £206,925 and $57,080.85 for the award of £39,475.

In closing, the court also notes that Asphalt Trader has requested reasonable attorney's fees related to obtaining this judgment and collecting the amounts awarded. But beyond a bare request, Asphalt Trader has failed to provide any contractual or statutory basis for the award of attorney's fees. *See Baker Botts L.L.P. v. ASARCO, L.L.C.*, —U.S.—, 135 S.Ct. 2158, 2164 (2015) (quoting *Hardt v. Reliance Standard Life Ins. Co.*, 560 U.S. 242, 252–53, 130 S.Ct. 2149 (2010)) ("Our basic point of reference when considering the award of attorney's fees is the bedrock principle known as the American Rule: Each litigant pays his own attorney's fees, win or lose, unless a statute or contract provides otherwise." (internal quotations omitted)). Without any demonstrated legal basis for such an award, the court must reject the claim for attorney's fees beyond those awarded in the original arbitration decision.

## CONCLUSION

In sum, Petitioner's Motion for Entry of Judgment is **GRANTED**. Based on the foregoing discussion, the clerk of court is **ORDERED** to enter judgment as follows:

1. Consistent with the Final Award previously confirmed by this court, judgment in favor of Asphalt Trader Limited and against Taryn Capital Energy, L.L.C., is hereby entered as follows:

    a. Taryn Capital Energy, L.L.C. shall forthwith pay to Asphalt Trader Limited the sum of $1,669,221.64 (One million, six hundred and sixty-nine thousand two hundred and twenty-one dollars and sixty-four cents) together with interest thereon at the rate of 5% (five per cent) per annum compounded every three months from August 1, 2012 until the date of payment hereunder;

    b. Taryn Capital Energy, L.L.C. shall bear and pay Asphalt Trader Limited's net recoverable costs in the sum of $299,213.55 (£206,925);

    c. Taryn Capital Energy, L.L.C. shall also bear and pay their portion of the costs of the arbitration totaling $57,080.85 (£39,475);

    d. Taryn Capital Energy, L.L.C. shall pay Asphalt Trader Limited's interest on Asphalt Trader Limited's costs of $299,213.55 (£206,925) at the rate of 5% (five per cent) per annum compounded every three months from February 12, 2016.

It is so ordered.

SIGNED this 30th day of November, 2016.

_____
The Honorable Jill N. Parrish
District Court Judge